UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ABDUL RAHIM HOWARD,

                Plaintiff,

- against -

F. BHATTI, KENNETH KAISER, MR. GOLDSTEIN,
S. RIOS, KATHERINE SUNDSTROM, R. CAMPOS,
M. BORECKY, and OFFICER STANBURY,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANSWER**
Civil Action No.
CV-08-2645
(Gershon, J.)
(Bloom, M.J.)

       Defendants DR. FAZAL BHATTI ("Bhatti"), KENNETH KAISER ("Kaiser"), MARK STANBERRY ("Stanberry"), and KATHERINE SUNDSTROM ("Sundstrom"), hereinafter collectively "answering defendants," by their attorney, BENTON J. CAMPBELL, United States Attorney for the Eastern District of New York, and Margaret M. Kolbe, Assistant United States Attorney, for their answer to the complaint filed by plaintiff pro se ABDUL RAHIM HOWARD, hereby respond to the correspondingly numbered paragraphs of the complaint, upon information and belief, as follows:

       The paragraphs under the heading "I. Previous Lawsuits" on pages 1 and 2 do not contain allegations of fact; to the extent these paragraphs contain factual allegations, deny.

       As for the paragraphs under the heading "II. Place of Confinement" on page 2 of the complaint, admit that plaintiff is presently confined at USP Canaan in Waymart, PA, admit that there is a prisoner grievance procedure at this institution, deny that plaintiff presented the facts alleged in this complaint in accordance with that procedure, and state the following:

       Paragraph II. C. 1: Deny the allegations, but admit that plaintiff filed a request for an

administrative remedy regarding the alleged denial of his purported request for a CT scan and/or MRI; and

Paragraph II.C.2 (and paragraph under "Attachment A" attached to the complaint): Deny the allegations.

As for the paragraphs under the heading "III. Parties" on page 3, answering defendants state the following:

A.  Admit.

B.  Defendant No. 1: Deny.

Defendant No. 2: Deny, but state that Kenneth Kaiser is currently employed at U.S.P. Canaan in Waymart, Pennsylvania.

Defendant No. 3: Aver that Peter Goldstein and Mark Stanberry are currently employed at MDC Brooklyn and that the address for MDC Brooklyn is 80 29th Street / Brooklyn, NY 11232.

Defendant No. 4: Deny, but state that Rios and Borecky are currently employed at MDC Brooklyn.

Defendant No. 5: Deny, but state that Raul Campos was a Health Systems Administrator at MDC Brooklyn from approximately November 2005 until December 2008.

As for the paragraphs under the heading "Statement of Claim" on page 4, including those paragraphs on "Attachment" paginated (1) to (4):

Psychiatrist Katherine Sundstrom

With regard to the first sentence, admit that plaintiff was prescribed doxepin, but deny the remaining allegations.

2

With regard to the second and third sentences, deny, but aver that on December 20, 2006, plaintiff received medical attention from medical personnel at MDC Brooklyn for a laceration to his head which required five stitches.

Officer Standbury

Deny.

MLP S. Rios

Deny.

M.D. D. Borecky

Deny.

Health Service Administrator R. Compos

Deny.

Clinical Director P. Goldstein

Deny.

MLP. Kenneth Kaiser

With regard to the first sentence, admit.

With regard to the second sentence (beginning "I also saw"), admit.

With regard to the third sentence (beginning "I was told"), deny.

With regard to the fourth sentence (beginning "In July I was given"), deny, except admit that plaintiff was given an x-ray in July, the results of which were negative.

With regard to the fifth sentence (beginning "Mr. Kaiser showed"), deny.

Clinical Director F. Bhatti

With regard to the first sentence, deny, but admit that plaintiff saw Bhatti on January

17, 2008.

    With regard to the second sentence, deny.

    With regard to the third sentence (beginning "We had a discussion"), deny.

    With regard to the fourth sentence (beginning "Dr. Bhatti never discussed"), deny.

    With regard to the fifth sentence (beginning "Dr. Bhatti showed"), deny.

Paragraph IV.A. on page 4:

    This paragraph contains demands for relief which do not require a response; to the extent this paragraph contains factual allegations, deny.

Paragraph V. on page 5

    Demands for relief do not require a response; to the extent this paragraph contains factual allegations, deny.

## GENERAL DENIAL

    Insofar as responses may be deemed required, answering defendants deny any and all allegations in the complaint which were not specifically admitted or denied above.

## DEFENSES

### First Defense

    The complaint should be dismissed on the ground that plaintiff has failed to state a claim upon which relief can be granted against any answering defendant.

### Second Defense

    The complaint should be dismissed on the ground that it was filed by a prisoner before administrative remedies had been fully exhausted under the Prison Litigation Reform Act,

42 U.S.C. § 1997e(a) (West Supp. 1997).

### Third Defense

The complaint should be dismissed on the ground that it asserts common law tort claims against answering defendants, which are barred by sovereign immunity under the Federal Tort Claims Act.

### Fourth Defense

The complaint should be dismissed on the ground that it asserts claims for which the Court lacks subject matter jurisdiction.

### Fifth Defense

The Complaint alleges wrongful acts and omissions as to which answering defendants are each qualifiedly immune from suit; therefore, plaintiff's claims are barred by the doctrine of qualified immunity.

### Sixth Defense

To the extent answering defendants are sued in their official capacities, they plead the defense of sovereign immunity.

### Seventh Defense

The complaint should be dismissed on the ground that plaintiff has failed to allege a constitutional violation.

### Eighth Defense

The complaint should be dismissed because the acts and/or omissions of the respective answering defendants were not the proximate cause of any injury to, or deprivation of constitutional rights of, the plaintiff.

<u>Ninth Defense</u>

To the extent plaintiff seeks to recover punitive or exemplary damages against the United States or its agents acting in their official capacities, the answering defendants plead the defenses of sovereign immunity and lack of subject matter jurisdiction, under 28 U.S.C. § 2674.

<u>Tenth Defense</u>

The United States District Court for the Eastern District of New York is not the proper venue for this action.

WHEREFORE, answering defendants demand judgment dismissing plaintiff's complaint, and for such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       April 13, 2009

                                       BENTON J. CAMPBELL
                                       United States Attorney
                                       Eastern District of New York
                                       Attorney for Answering Defendants
                                       271 Cadman Plaza East, 7th Floor
                                       Brooklyn, New York 11215

                            By:   /s/ {electronically filed}
                                 MARGARET M. KOLBE (MK2942)
                                 Assistant United States Attorney
                                 (718) 254-6039
                                 margaret.kolbe2@usdoj.gov

TO:   Abdul Rahim Howard
       #72346-053
       U. S. P. Canaan
       P.O. Box 300
       Waymart, P.A. 18472