

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ABDUL RAHIM HOWARD,

                Plaintiff,

-against-

FAZAL BHATTI, KENNETH KAISER, M.
BORECKY, S. RIOS, R. CAMPOS, MR.
GOLDSTEIN, KATHERINE SUNDSTROM, and
MARK STANBERRY,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**08-CV-2645 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Abdul Rahim Howard ("Howard"), *pro se*, a prisoner in United States Penitentiary-Canaan in Pennsylvania ("USP-Canaan"), brings a Bivens action against several prison officials related to his treatment at the Metropolitan Detention Center ("MDC") in Brooklyn, New York and USP-Canaan. (Compl. (Docket Entry # 1).) Howards alleges that Defendants violated his Eighth Amendment rights by showing "deliberate indifference" to his medical needs while incarcerated. (Id.) Defendants now move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), or, in the alternative, for summary judgment under Rule 56. ("Defs.' Mot." (Docket Entry # 62).) As set forth below, the court grants Defendants' motion for summary judgment.

## I.    STANDARD OF REVIEW

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Id. On a motion for summary judgment, the

1

court may consider "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).[1] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if its existence or non-existence "might affect the outcome of the suit under the governing law," and an issue of fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the [non-moving] party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "the court must draw all reasonable inferences in favor of the nonmoving party." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149 (2000).

Here, because the court considers the affidavits and attachments to Defendants' motion and Howard's response, it converts Defendants' motion to one for summary judgment under Federal Rule of Civil Procedure 12(d). All parties have had a reasonable opportunity to present all the material pertinent to Defendants' motion: Defendants have attached affidavits and documentary evidence to their motion, and Howard has done the same. See Mateo v. O'Connor, No. 08-cv-11053(RJH) (DCF), 2010 WL 3199690, at *3 (S.D.N.Y. Aug. 12, 2010) (converting the defendants' motion to dismiss to one for summary judgment, against a *pro se* plaintiff, where the defendants' notified the plaintiff of their intent to convert their motion into one for summary judgment, and where the *pro se* plaintiff had an adequate opportunity to attach pertinent documents to his opposition).

---

[1] This quote reflects the amendments to Federal Rule of Civil Procedure 56, which became effective December 1, 2010.

2

## II. BACKGROUND[2]

### A. Howard's Detention and Conviction

On October 22, 2004, Howard, then named Kevin Howard, was indicted in this district for various drug-related offenses. United States v. Howard, No. 04-cr-942(S-2)-2 (DGT) (E.D.N.Y. October 22, 2004). On January 7, 2005, Howard entered MDC as a pre-trial detainee. Order, United States v. Howard, No. 04-cr-942(S-2)-2 (MDG) (E.D.N.Y. Jan. 7, 2005). On January 12, 2007, after a jury found Howard guilty of several charges in a superseding indictment, Judge Frederic Block sentenced Howard to 240 months in prison. Judgment, United States v. Howard, No. 04-cr-942(S-2)-2 (FB) (E.D.N.Y. Jan. 18, 2007). On February 28, 2007, Howard was designated and transferred to USP-Canaan. (Defs.' Rule 56.1 Statement (Docket Entry # 62-3) ¶ 17; "Itayem Decl." (Docket Entry # 62-6) ¶ 15.)

### B. Howard's Requests for Administrative Remedies

#### 1. The Administrative Remedy Process

The Prison Litigation Reform Act ("PLRA") mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life," including Eighth Amendment-Bivens claims predicated on deficient medical treatment. McDowell v. Metro. Detention Center, No. 09-CV-069S (NGG) (LB), 2010 WL 3521879, at *2 (E.D.N.Y. Aug. 31, 2010) (quoting Porter v. Nussle, 534 U.S. 516, 532 (2002)).

---

[2] Because, as discussed below, the court construes Defendants' Motion as a motion for summary judgment, the facts here are taken from the parties' affidavits and Defendants' Rule 56.1 statement, as reasonably drawn in favor of Howard. See Fed. R. Civ. P. 56(c)(1)(A).

The Federal Bureau of Prisons ("FBP") has established a four-step administrative-remedies process that federal inmates must follow to meet the PLRA's exhaustion requirement. First, the inmate must attempt to informally resolve any issue of concern with prison staff. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the informal resolution of the issue, he must submit a formal written Request for Administrative Remedy (BP-9) form within twenty calendar days of the date on which the basis for a remedy request occurred. 28 C.F.R. § 542.14(a). An inmate who is not satisfied with the response to his BP-9 may submit an appeal on a BP-10 form to the Regional Director within twenty calendar days of the date of the warden's signed response. 28 C.F.R. § 542.15. And an inmate who is not satisfied with the Regional Director's response may submit a final appeal on a BP-11 form to the General Counsel at the Central Office of Appeals within thirty calendar days of the Regional Director's signed response. Id.

2. Exhaustion of Howard's Administrative Remedies

While incarcerated at MDC and USP-Canaan, Howard filed five sets of requests for administrative remedies: one related to a fall from his bunk at MDC on December 20, 2006 ("McFarland Decl." (Docket Entry # 62-4) ¶ 16, Ex. C, at D19-D20); one related to him changing his name from Kevin Howard to Abdul Rahim Howard (id. ¶ 17, Ex. C, at D21-22); one related to his hernia surgery (id. ¶ 20, Ex. C, at D8); one related his prison duties in the USP-Canaan law library (id. ¶ 22, Ex. C, at D12); and one related to a slip-and-fall accident at USP-Canaan (id. ¶ 24, Ex. C, at D14). Because Howard's Complaint only alleges constitutional harms related to medical treatment regarding his December 20, 2006 fall, the court will only consider those requests for administrative remedies.

On January 10, 2007, Howard filed a BP-9 related to his fall, stating that he did not receive immediate medical attention on December 20, 2006 after his fall; that he spoke to

4

Defendant Campos regarding his injury; and that he received stitches from Defendant Rios. (Id., Ex. C, at D19-20.) On February 2, 2007, Howard withdrew his BP-9. (Id., Ex. C, at D20.) On July 17, 2007, Howard filed another BP-9 related to his fall, complaining of his treatment by Defendant Kaiser. (Id., Ex. C, at D23-D24.) On August 6, 2007, FBP substantively responded to his BP-9, and denied it. (Id., Ex. C, at D25.) On August 28, 2007, Howard filed a BP-10, appealing the FBP's denial of his BP-9. (Id., Ex. C, at D26-27.) On September 20, 2007, FBP substantively responded to Howard's appeal, and denied it. (Id., Ex. C, at D28.) And on September 28, 2007, Howard filed a BP-11, appealing the FBP's denial of his BP-10. (Id., Ex. C, at D29-D30.) On December 19, 2007, the FBP denied Howard's BP-11. (Id., Ex. C, at D31.)

## III. DISCUSSION

### A. Jurisdiction and Venue

Although neither Howard nor the Government address these analytically antecedent issues, the court must initially determine whether it has jurisdiction over Howard's cause of action and whether venue is proper in this district. The only legal authority mentioned by Howard in his Complaint is the Eighth Amendment to the U.S. Constitution. Read in a light most favorable to Howard, Howard appears to assert his claims against Defendants under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 430 U.S. 388 (1971). The court therefore has power to hear Howard's claim under its federal question jurisdiction. See id.; 28 U.S.C. § 1331.

Unlike petitions for habeas corpus, which have their own statutorily defined venue requirements, 28 U.S.C. § 2241, Bivens claims made by prisoners against prison officials are controlled by the general venue provision, 28 U.S.C. § 1391(b). See Cameron v. Thornburgh, 983 F.2d 253, 257 (D.C. Cir. 1993); Jones v. United States, No. 02-CV-1017(JG), 2002 WL 2003191, at *1 (E.D.N.Y. Aug. 26, 2002). In federal question cases, the venue provisions allows

5

actions in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Because a "substantial part" of Howard's Complaint – such as his December 20, 2006 fall – details his treatment at MDC, located in this district, this jurisdiction constitutes a proper venue for Howard's Complaint.

### B. Claims Against Sundstrom, Stanberry, Kaiser, and Bhatti

Defendants argue that the court lacks personal jurisdiction over Defendants Kaiser and Bhatti. (Defs.' Mot. at 20-21.)[3] In his response to Defendants' Motion, Howard requests that Defendants Sundstrom, Stanberry, Kaiser, and Bhatti "be withdrawn from the suit without prejudice." ("Pl.'s Opp'n" (Docket Entry # 61) at 16.) Defendants do not oppose this request. ("Defs.' Reply" (Docket Entry # 62-2) at 1.) Therefore, the court will dismiss the action against Defendants Sundstrom, Stanberry, Kaiser, and Bhatti without prejudice, and will direct the Clerk of Court to modify the case caption accordingly. The action shall proceed only against Defendants Borecky, Rios, Campos, and Goldstein.

### C. Exhaustion of Claims Against Defendants Borecky, Rios, Campos, and Goldstein Under the PLRA

1. <u>Timeliness of Howard's Claims</u>

Defendants argue that the PLRA bars all of Howard's claims regarding his medical treatment because Howard failed to comply with the PLRA's requirement that he file his BP-9s within twenty days of his fall. (See Defs.' Mot. at 4-7); 28 C.F.R. § 542.14(a). This, Defendants argue, prohibit Howard's claims because they are not "exhausted" under the PLRA. (Defendants' Motion at 6-7.) Defendants cite a number of cases, including Woodford v. Ngo, 548 U.S. 81 (2006), for the proposition that a prisoner's failure to timely comply with the

---

[3] Defendants, however, filed an Answer on behalf of all Defendants, including Defendants Kaiser and Bhatti, and failed to raise any arguments there concerning personal jurisdiction. Defendants have clearly waived these arguments under Federal Rule of Civil Procedure 12(h)(1) by failing to include them in their first responsive pleading. Defendants' counsel should have addressed this issue in their briefs.

6

administrative regulations governing appeals requires the court dismiss the prisoner's action under the PLRA. (See id.)

None of the cases cited by Defendants, however, deal with the factual circumstance here: that while the prisoner-litigant's requests for administrative remedies may have been untimely, the appropriate prison authority nonetheless substantively addressed the prisoner-litigant's requests, and allowed him to internally appeal denials of those requests. Regardless of whether Howard's requests were timely, FBP *substantively* responded to each and every one of Howard's requests; it denied none as "untimely." In these circumstance, "[c]ourts of this circuit have found that prison officials may not raise a non-exhaustion defense based on the alleged untimeliness of a prisoner's filing where they accepted that filing and considered it on the merits." Tyree v. Zenk, No. 05-cv-2998 (RJD) (LB), 2007 WL 527918, at *7 (E.D.N.Y. Feb. 14, 2007); see also Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) ("[T]he defendants may have forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it [at the administrative level]."). Therefore, because FBP responded substantively to all of Howard's BP-9s, BP-10s, and BP-11s, it cannot now raise the administrative untimeliness of Howard's requests for administrative review. Should FBP wish to make use of PLRA's time-bars in the future, it should follow its own regulations and review for timeliness its prisoners' requests for administrative remedies.

    2.    Exhaustion of Claims Against Defendants Campos, Rios, Borecky, and Goldstein

Howard's claims against the remaining Defendants – Campos, Rios, Borecky, and Goldstein – are nonetheless unexhausted and barred by the PLRA. Howard made his February 2, 2007 BP-9 against Defendants Campos and Rios. (See McFarland Decl., Ex. C, at D20.) Howard, however, withdrew this BP-9 on February 2, 2007. (Id.) Howard has done nothing to

7

renew his claims against either defendant: he has not filed a new BP-9 against Defendants Campos or Rios, attempted to reinstate his old BP-9, or filed a BP-10 to appeal his old BP-9. Therefore, Howard failed to exhaust his administrative remedies against Defendants Campos and Rios. See McDowall v. Metro. Correction Ctr., No. 08-Civ-8329 (BSJ), 2010 WL 649744, at *5 (S.D.N.Y. Feb. 22, 2010) ("Before [FBP] could provide Plaintiff a response to his administrative remedy request, however, Plaintiff voluntarily withdrew his BP-9 on June 24, 2008. Under such circumstances, withdrawal of an administrative remedy request prior to a decision on the merit's does not satisfy the PLRA exhaustion requirement.") (internal citations omitted). Because the administrative regulations required Howard to exhaust these claims prior to bringing federal suit, 28 C.F.R. § 542.13-542.15, Howard's claims against Defendants Campos and Rios must be dismissed.

Howard's claims against Defendant Borecky are similarly unexhausted. There is no evidence to indicate that Howard ever filed a BP-9 against – or any other request for administrative review – regarding Defendant Borecky. Howard, therefore, failed to exhaust his administrative remedies regarding Defendant Borecky under the PLRA; his claims against Defendant Borecky must be dismissed.

Finally, Howard has also failed to exhaust his administrative remedies against Defendant Goldstein. Nothing in the record indicates Howard ever filed a BP-9 regarding Goldstein, or any other request for administrative review. Consequently, the court will dismiss those claims.

## IV. CONCLUSION

For the reasons discussed above, the claims against Defendants Sundstrom, Stanberry, Kaiser, and Bhatti are dismissed upon consent. The court directs the Clerk of Court to revise the docket sheet accordingly. Defendants' motion for summary judgment regarding the remaining defendants is GRANTED. The Clerk of Court is directed to close this case.

SO ORDERED.

/S/

Dated: Brooklyn, New York
December 3, 2010

NICHOLAS G. GARAUFIS
United States District Judge